OPINION
{¶ 1} Appellant, Gary R. Gibson, appeals from the January 6, 2005 judgment entry of the Portage County Court of Common Pleas, denying his petition for postconviction relief.
 {¶ 2} On June 17, 2004, appellant was indicted by the Portage County Grand Jury on eight counts of trafficking in cocaine: counts one, two, and seven, felonies of the fourth degree, in violation of R.C. 2925.03(A)(C)(4)(c); counts three, four, and five, felonies of the third degree, in violation of R.C.2925.03(A)(C)(4)(d); and counts six and eight, felonies of the fifth degree, in violation of R.C. 2925.03(A)(C)(4)(a). On June 21, 2004, appellant entered a plea of not guilty at his arraignment.
 {¶ 3} On July 30, 2004, appellant, who was represented by counsel, entered a written plea of guilty to counts three, four, and five. Pursuant to its July 30, 2004 judgment entry, the trial court accepted appellant's guilty plea with respect to counts three, four, and five, and entered a nolle prosequi on the remaining counts. The trial court sentenced appellant to the agreed upon term of two years on each count, to be served consecutively to one another.
 {¶ 4} On December 29, 2004, appellant filed a pro se petition for postconviction relief. Pursuant to its January 6, 2005 judgment entry, the trial court denied appellant's petition for postconviction relief without a hearing.[1] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[2]
 {¶ 5} "[1.] The trial court committed prejudicial reversible error when it failed to file findings of fact and conclusions of law on [a]ppellant's claims as mandated by [R.C.] 2953.21(C).
 {¶ 6} "[2.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's trial counsel provided ineffective assistance, in violation of appellant's rights provided by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 7} "[3.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant was denied due process of law, in violation of appellant's rights provided by theFourteenth Amendment to the United States Constitution.
 {¶ 8} "[4.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's guilty plea was not knowing, voluntary, or intelligently made.
 {¶ 9} "[5.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's guilty plea was not knowing, voluntary, or intelligently made."
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred by failing to file findings of fact and conclusions of law as mandated by R.C. 2953.21(C).
 {¶ 11} R.C. 2953.21(C), which deals with petitions for postconviction relief, provides in pertinent part: "[i]f the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 12} In the case at bar, again, the trial court failed to file findings of fact and conclusions of law in its January 6, 2005 judgment entry. Appellant filed a pro se brief with this court on February 28, 2005, in which he asserted the foregoing assignment of error. However, on April 13, 2005, this court sua sponte remanded the matter for the sole purpose of the trial court to issue findings of fact and conclusions of law pursuant to R.C. 2953.21. On April 19, 2005, the trial court filed adequate findings of fact and conclusions of law denying appellant's petition for postconviction relief. See, e.g., Statev. Clemmons (1989), 58 Ohio App.3d 45, 46.
 {¶ 13} Thus, appellant's first assignment of error is without merit.
 {¶ 14} For the ease of discussion, appellant's remaining assignments of error will be discussed out of order.
 {¶ 15} Because appellant's fourth and fifth assignments of error are interrelated, we will address them together. In his fourth and fifth assignments of error, appellant contends that the trial court erred by denying his petition for postconviction relief, without a hearing, because the record reveals that his guilty plea was not knowingly, voluntarily, or intelligently made. In his fourth assignment of error, appellant asserts that either due to ineffective assistance of counsel or prosecutorial misconduct, he was not informed that the amount of cocaine in count four was less than five grams, and, therefore, a lesser degree felony than that charged in the indictment. Appellant was charged with a third degree felony, but argues that it should have been a felony of the fourth degree. In his fifth assignment of error, appellant stresses that he was not aware of the meaning of the word "consecutive," in relation to his agreed sentence.
 {¶ 16} This court stated in State v. Green (Nov. 21, 1997), 11th Dist. Nos. 96-L-187 and 96-L-188, 1997 Ohio App. LEXIS 5238, at 7-8:
 {¶ 17} "A hearing is not required whenever a petition for postconviction relief is filed. State v. Allen [(Sept. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274], at 4. Our inquiry is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case.State v. Smith [(Aug. 22, 1997), 11th Dist. No. 96-P-0275, 1997 Ohio App. LEXIS 3781], at 7. In reviewing a trial court's decision with respect to a postconviction relief petition, our standard of review is whether the trial court abused its discretion. Allen at 3."
 {¶ 18} An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 19} In the case sub judice, appellant asserted in his pro se petition for postconviction relief that the trial court lacked jurisdiction to accept his guilty plea with respect to count four, a felony of the third degree, when appellee's evidence, a BCI report, supported only a felony of the fourth degree.
 {¶ 20} Appellee properly notes that a common pleas court has original jurisdiction in felony cases, and its jurisdiction is invoked by the return of an indictment. Click v. Eckle (1962),174 Ohio St. 88, 89. The record reflects that appellant was prosecuted by an indictment filed in the Portage County Court of Common Pleas. Therefore, the trial court had jurisdiction to accept his plea of guilty to counts three, four, and five. See R.C. 2901.11(A)(1).
 {¶ 21} Also, appellant challenges the gram weight of the crack cocaine. We note, however, that appellant's guilty plea effectively waived any and all factual challenges. Contrary to appellant's claim that a knowing guilty plea required evidentiary support of the quantity of cocaine with respect to count four, the trial court was not required to establish the factual basis for the indicted offense before accepting his plea. State v.Price, 10th Dist. No. 02AP-1215, 2003-Ohio-4764, at ¶ 28; see, also, State v. Greathouse (2004), 158 Ohio App.3d 135, at ¶ 7 (holding that a trial court is not required based on Crim.R. 11 to establish the factual basis for an indicted offense before accepting a plea, but, rather is only required to determine whether a defendant understood the nature of the charges);Green, supra, at 8 (holding that the appellant waived the right to challenge any possible flaws in the indictment by pleading guilty).
 {¶ 22} Here, the trial court properly denied appellant's petition for postconviction relief without a hearing by concluding that the petition and attached evidence did not contain sufficient operative facts which, if true, would establish substantive grounds for relief. The error in the indictment did not affect appellant's guilty plea. See State v.Quillen (Dec. 30, 1988), 6th Dist. No. WMS-88-6, 1988 Ohio App. LEXIS 5216 (holding that although the indictment incorrectly classified the offenses as third degree felonies rather than felonies of the fourth degree, the error did not affect appellant's guilty plea, thus, the trial court had jurisdiction to accept the plea.) By pleading guilty, he waived the right to challenge any possible flaws in the indictment. Green, supra, at 8. Also, neither appellant's petition nor the attached evidentiary materials support appellant's argument that he was unaware of the meaning of the word, "consecutive."
 {¶ 23} Appellant's July 30, 2004 written plea of guilty shows that he was advised of his rights and of the plea negotiations, and that he accepted them as well as agreed to waive his rights. His written plea of guilty specifically provides: "I have been informed by my Attorney and by the Judge, and I understand the nature of the charge(s) to which I am pleading guilty, to wit: count 3, 4, 5 trafficking in cocaine, [felonies] of the third degree [in violation of R.C.] 2925.03(A)(C)(4)(d)[.] * * * I have been informed by my Attorney and by the Judge of the effect of my guilty plea and its consequences, and I understand them; and that upon accepting my guilty plea the Court may immediately proceed with judgment and sentencing. * * * I have been informed by my Attorney and by the Judge that by pleading guilty I waive [my] Constitutional Rights, and I understand these rights and it is my intention to waive them[.]"
 {¶ 24} In addition, a review of the plea hearing shows that the trial court engaged in the requisite Crim.R. 11 colloquy, and that appellant understood the nature of the charges. The following exchange occurred between the trial court judge and appellant:
 {¶ 25} "The Court: Mr. Gibson, do you understand these three counts?
 {¶ 26} "[Appellant]: Yes.
 {¶ 27} "The Court: Do you understand that they are felonies of the third degree and you could be imprisoned up to five years on each count?
 {¶ 28} "[Appellant]: Yes, sir.
 {¶ 29} "The Court: You also understand that the sentences could run consecutive?
 {¶ 30} "[Appellant]: Yes sir.
 {¶ 31} "The Court: Now, do you understand that the parties have indicated to me that they have an agreed sentence here of two years on each count of incarceration, to be run consecutive, you understand that?
 {¶ 32} "[Appellant]: Yes, sir.
 {¶ 33} "The Court: And is that your agreement?
 {¶ 34} "[Appellant]: Yes.
 {¶ 35} "* * *
 {¶ 36} "The Court: Are you guilty of these three counts?
 {¶ 37} "[Appellant]: Yes, sir.
 {¶ 38} "The Court: Anything you want to say as to why the Court should not now impose the sentence?
 {¶ 39} "[Appellant]: No, I'd like you to sentence me right now."
 {¶ 40} Upon a review of the record presented, including the joint sentence agreement, the trial court did not abuse its discretion by denying appellant's petition for postconviction relief without a hearing.
 {¶ 41} Appellant's fourth and fifth assignments of error are without merit.
 {¶ 42} Because appellant's second and third assignments of error are interrelated, we will consider them in a consolidated fashion.
 {¶ 43} In his second assignment of error, appellant alleges that the trial court erred by denying his petition for postconviction relief, without a hearing, where the record reveals that his trial counsel provided ineffective assistance, in violation of his rights provided by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Appellant stresses that his counsel was ineffective because he permitted appellant to enter a plea of guilty to a felony of the third degree, where the record reveals that it was a fourth degree felony.
 {¶ 44} In his third assignment of error, appellant argues that the trial court erred by denying his petition for postconviction relief without a hearing where the record reveals that he was denied due process of law, in violation of his rights provided by the Fourteenth Amendment to the United States Constitution. He alleges that appellee committed misconduct by charging him with and negotiating an agreed upon sentence to a third degree felony, where appellee had knowledge that the felony was of the fourth degree. Appellant stresses that appellee failed to provide defense counsel with the BCI report, showing the actual gram weight of the crack cocaine.
 {¶ 45} This court stated in State v. Lewis (Dec. 19, 1997), 11th Dist. No. 96-T-5522, 1997 Ohio App. LEXIS 5746, at 4-5: "[if an] appellant has raised new arguments on appeal that were not before the trial court in his petition for postconviction relief, those issues will not be considered and are waived. State v.Harmon (1995), 103 Ohio App.3d 595, 597 * * *." (Parallel citation omitted.)
 {¶ 46} In the instant matter, neither of the issues asserted in appellant's second and third assignments of error were raised in his petition for postconviction relief nor attached evidentiary materials. Thus, we will not consider them since they have been waived.[3]
 {¶ 47} Appellant's second and third assignments of error are without merit.
 {¶ 48} For the foregoing reasons, appellant's assignments of error are not well-taken. With respect to appellant's sentence, we believe that the trial judge was technically correct in her analysis of the law regarding the claimed errors. However, in the interests of justice and limited to the pertinent facts of this case, pursuant to R.C. 2953.08(G) and App.R. 12(B), we modify the sentence imposed on count four to eighteen months, for an aggregate sentence of five and one-half years. We do not disturb the remainder of appellant's sentence. The trial judge is hereby directed to vacate her prior sentencing entry journalized July 30, 2004, and issue a judgment entry consistent with this opinion. The trial judge is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence. The judgment of the Portage County Court of Common Pleas is modified and affirmed as modified.
William M. O'Neill, J. Colleen Mary O'Toole, J., concur.
[1] The trial court failed to file findings of fact and conclusions of law in its January 6, 2005 judgment entry. On April 13, 2005, this court sua sponte remanded the matter for the sole purpose of the trial court to issue findings of fact and conclusions of law pursuant to R.C. 2953.21. The trial court filed the requisite findings of fact and conclusions of law denying appellant's petition for postconviction relief on April 19, 2005.
[2] Appellant filed a pro se brief on February 28, 2005, in which he alleged his first assignment of error. On January 17, 2006, appellant, through his counsel, filed a supplemental brief, asserting assignments of error two through five.
[3] With respect to appellant's third assignment of error, we note that he stated in his December 7, 2004 affidavit: "[t]hat shortly after entering a negotiated plea of guilty to counts three, four, and five of the indictment, and only after requesting that my court-appointed counsel turn over all records that were in his possession pertaining to my case file did I learn of the exculpatory evidence dehor the record contained in the BCI (sic) Laboratory Reports relevant to its scientific testing and weight of the drugs * * *." Appellant's foregoing statement establishes that appellee did not withhold the information at issue from appellant's counsel.