OPINION
{¶ 1} Appellant, Gary R. Gibson ("Mr. Gibson"), appeals from the February 13, 2007 judgment entry of the Portage County Court of Common Pleas, overruling his motion to withdraw his guilty plea without a hearing. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History *Page 2 
 {¶ 3} On June 17, 2004, Mr. Gibson was indicted by the Portage County Grand Jury on eight counts of trafficking in cocaine: counts one, two, and seven, felonies of the fourth degree, in violation of R.C.2925.03(C)(4)(c); counts three, four, and five, felonies of the third degree, in violation of R.C. 2925.03(C)(4)(d); and counts six and eight, felonies of the fifth degree, in violation of R.C. 2925.03(C)(4)(a). On June 21, 2004, Mr. Gibson entered a plea of not guilty at his arraignment.
 {¶ 4} On July 30, 2004, Mr. Gibson, who was represented by counsel, entered a written plea of guilty to counts three, four, and five. Pursuant to its July 30, 2004 judgment entry, the trial court accepted Mr. Gibson's guilty plea with respect to counts three, four, and five, and entered a nolle prosequi on the remaining counts. The trial court sentenced Mr. Gibson to the agreed upon term of two years on each count, to be served consecutively to one another. It was from that judgment that Mr. Gibson filed his first appeal with this court, Case No. 2005-P-0066, in which he asserted the following two assignments of error:[1]
 {¶ 5} "[1.] The trial court erred by accepting appellant's guilty plea without first advising Mr. Gibson that, by entering such a plea, he was waiving his right to a trial by jury.
 {¶ 6} "[2.] The trial court erred by accepting appellant's guilty plea where such was not made knowingly, voluntarily, or intelligently."
 {¶ 7} On August 11, 2006, this court affirmed the judgment of the trial court. State v. Gibson, 11th Dist. No. 2005-P-0066, 2006-Ohio-4182("Gibson I"). *Page 3 
 {¶ 8} While Mr. Gibson's first appeal was pending, Mr. Gibson filed a pro se
petition for postconviction relief on December 29, 2004. In this postconviction petition, Mr. Gibson challenged count four of the indictment and alleged that his plea and sentence were void because he pled guilty to a third degree felony when he should in fact have been charged with and pled guilty to a fourth degree felony. Specifically, Mr. Gibson argued that the BCI report he attached as an exhibit to his motion revealed that the amount of cocaine he possessed was 4.57 grams. Because a third degree felony for possession of cocaine requires at least 5 grams of cocaine and because he was unaware of this evidence at the time he made his plea, Mr. Gibson alleged that the plea was not knowingly and intelligently made. Pursuant to its January 6, 2005 judgment entry, the trial court denied Mr. Gibson's petition for postconviction relief without a hearing.[2]
 {¶ 9} It was from that judgment that Mr. Gibson filed his second appeal with this court (State v. Gibson, 11th Dist. No. 2005-P-0006,2006-Ohio-4171 ("Gibson II")), in which he asserted the following five assignments of error:[3]
 {¶ 10} "[1.] The trial court committed prejudicial reversible error when it failed to file findings of fact and conclusions of law on [a]ppellant's claims as mandated by [R.C.] 2953.21(C).
 {¶ 11} "[2.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's trial counsel provided *Page 4 
ineffective assistance, in violation of Mr. Gibson's rights provided by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 12} "[3.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant was denied due process of law, in violation of appellant's rights provided by the Fourteenth Amendment to the United States Constitution.
 {¶ 13} "[4.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's guilty plea was not knowing, voluntary, or intelligently made.
 {¶ 14} "[5.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where the record reveals that appellant's guilty plea was not knowing, voluntary, or intelligently made."
 {¶ 15} On August 11, 2006, this court modified and affirmed as modified the judgment of the trial court. Gibson II. This court held that Mr. Gibson's five assignments of error were not well-taken. Id. at ¶ 48. However, with respect to Mr. Gibson's sentence, this court modified the sentence imposed on count four from two years to eighteen months, for an aggregate sentence of five and one-half years. Id. The remainder of Mr. Gibson's sentence was not disturbed. Id.
 {¶ 16} On February 6, 2007, Mr. Gibson filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1 In this motion, Mr. Gibson alleged that trial counsel was ineffective since he failed to recognize that he was improperly charged with a third degree felony rather than a fourth degree felony and then allowed him to plead guilty to *Page 5 
this higher offense. Mr. Gibson argued that counsel's performance was deficient and that as a result, he was prejudiced. Pursuant to its February 13, 2007 judgment entry, the trial court denied Mr. Gibson's motion to withdraw his guilty plea without a hearing. It is from that judgment that Mr. Gibson filed the instant appeal, asserting the following assignment of error:
 {¶ 17} "The trial court abused its discretion when it overruled Mr. Gibson's motion to withdraw guilty plea without ordering an evidentiary hearing, where the record reveals that a manifest injustice resulted from the ineffective assistance of trial counsel, in violation of Mr. Gibson's rights provided by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 18} Standard of Review: Post-Sentence Motion to Withdraw GuiltyPlea
 {¶ 19} Crim.R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 20} "A post-sentence motion to withdraw a guilty plea will be granted only to correct manifest injustice." State v. Casas, 2d Dist. No. 19049, 2003-Ohio-3237, at ¶ 6, citing Crim.R. 32.1; State v.Stumpf (1987), 32 Ohio St.3d 95, 104. "A manifest injustice standard is an extremely high standard, which permits withdrawal of a plea only in extraordinary cases." State v. Allen, 8th Dist. No. 86684,2006-Ohio-3164, at ¶ 10. The manifest injustice standard "comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her."State *Page 6 v. Thomson, 6th Dist. No. L-05-1213, 2006-Ohio-1224, at ¶ 48, citingState v. Woods, 8th Dist. No. 82120, 2003-Ohio-2475, at ¶ 16.
 {¶ 21} "The burden is on the defendant to establish the existence of such injustice. * * * The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'"Thomson, at ¶ 49, citing State v. Caraballo (1985), 17 Ohio St.3d 66,67.
 {¶ 22} "The motion [to withdraw a guilty plea] is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Gegia, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441, at ¶ 20, citing State v. Smith (1977), 49 Ohio St.2d 261, 264. Abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." Quonset Hut, Inc. v.Ford Motor Co. (1997), 80 Ohio St.3d 46, 47, citing Pembaur v. Leis
(1982), 1 Ohio St.3d 89, 91.
 {¶ 23} Whether an Evidentiary Hearing was Required
 {¶ 24} In his sole assignment of error, Mr. Gibson argues that the trial court erred by denying his postsentence motion to withdraw his guilty plea without holding a hearing. Mr. Gibson contends that due to trial counsel's deficient performance, he waived his constitutional rights and entered a plea that was not knowingly, intelligently and voluntarily made.
 {¶ 25} We recognize that "[o]rdinarily, a hearing is required to determine whether there is a reasonable and legitimate basis to withdraw a guilty plea." Casas at ¶ 7, citing *Page 7 State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim (1980), 68 Ohio App.2d 211. However, we find that a hearing was unnecessary in this case because Mr. Gibson cannot establish that he was prejudiced by the alleged ineffectiveness of his trial counsel, and thus, cannot satisfy the high burden of manifest injustice required for a trial court to grant a withdrawal of a guilty plea.
 {¶ 26} "Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea." State v.Turner, 171 Ohio App.3d 82, 2007-Ohio-1346, at ¶ 27, citing State v.Dalton, 153 Ohio App.3d 286, 2003-Ohio-3813; State v. Hamed (1989),63 Ohio App.3d 5. In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth inStrickland v. Washington (1984), 466 U.S. 668, 694. State v.Ziefle, 11th Dist. No. 2007-A-0019, 2007-Ohio-5621, at ¶ 20, citingStrickland at 698. Thus, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance." State v. Jackson, 11th Dist. No. 2002-A-0027,2004-Ohio-2442, at ¶ 9.
 {¶ 27} In analyzing a claim of ineffective assistance of counsel, "[w]e need not address the two prongs of appellant's ineffective assistance claim in the order set forth in Strickland." Id. at ¶ 10. Thus, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" Id. at ¶ 11, citing Strickland at 697. *Page 8 
 {¶ 28} The gist of Mr. Gibson's claim is that trial counsel's performance was deficient because counsel failed to discover and inform him that he was improperly charged with a higher degree offense, a felony of the third degree, where the amount of cocaine he possessed was consistent with the lesser offense, a felony of the fourth degree. At the outset, we note that "Crim.R. 32.1 itself does not prescribe a time limitation. This is not to say that timeliness is not a consideration, however, as an `undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 14, citing State v. Smith (1977), 49 Ohio St.2d 261, paragraph three of the syllabus.
 {¶ 29} In this case, Mr. Gibson filed his motion to withdraw his guilty plea on February 6, 2007, more than three years after he filed his petition for postconviction relief in which he raised a similar ineffective assistance of counsel claim based upon the evidence contained in the BCI report regarding the gram weight of the cocaine. In fact, in Gibson II, we noted that "[i]n his fourth assignment of error, appellant asserts that either due to ineffective assistance of counsel or prosecutorial misconduct, he was not informed that the amount of cocaine in count four was less than five grams, and, therefore, a lesser degree felony than that charged in the indictment." Gibson II at ¶ 15. Because Mr. Gibson was aware of the presence of the BCI report by December 2004, the fact that he waited more than three years after discovering the BCI report to file a motion to withdraw his guilty plea is a factor adversely weighing against him.[4] *Page 9 
 {¶ 30} Moreover, even if trial counsel's performance was deficient, we still do not believe Mr. Gibson can prove that he was prejudiced by any deficiency in counsel's performance. "Prejudice exists when there is a `reasonable probability that, were it not for counsel's errors, the result of the [proceeding] would have been different.'"Thomson, at ¶ 56, citing State v. Bradley (1989), 42 Ohio St.3d 136,143. "With regard to guilty pleas, in particular, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" Id., citing, Xie at 524.
 {¶ 31} In this case, there is no reasonable probability that had Mr. Gibson been properly informed that he was being charged with a fourth degree felony that he would not have entered a guilty plea. The sentence Mr. Gibson ultimately received was within the range of punishments for a fourth degree felony. R.C. 2929.14((A)(4). Because in Gibson II, this court modified and corrected Mr. Gibson's sentence, he does not specifically state how else he was prejudiced. Mr. Gibson attached his affidavit to his motion to withdraw his guilty plea but merely made a conclusory statement that he would not have pled guilty had he known he was improperly charged with a third degree felony. We find this is insufficient to warrant the granting of an evidentiary hearing.
 {¶ 32} "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. Xie at paragraph one of the syllabus. In those situations where the trial court must consider a post-sentence motion to withdraw a *Page 10 
guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id." State v. Wilkey, 5th Dist. No. CT2005-0050, 2006-Ohio-3276, at ¶ 25.
 {¶ 33} "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.'" Id. at ¶ 26, citing State v. Patterson, 5th Dist. No. 2003CA00135, 2004-Ohio-1569, citing State v. Blatnik (1984),17 Ohio App.3d 201, 204. "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." Id., citingPatterson, citing State v. Laster, 2d Dist. No. 19387, 2003-Ohio-1564.
 {¶ 34} Under these circumstances, we find that Mr. Gibson has not demonstrated the kind of "manifest injustice" necessary to establish a postsentence motion to withdraw a guilty plea. When combined with the fact that Mr. Gibson filed his postsentence motion at such a late juncture, waiting until well after his prior appeal had been rejected on similar grounds, we are unwilling to find, under the facts of this case, that the trial court's decision to deny the motion was an abuse of discretion.
 {¶ 35} In this regard, we find the instant case to be distinguishable from State v. Kidd, 168 Ohio App.3d 382, 2006-Ohio-4008. At first glance, the two cases appear to be similar since in each case the defendants filed postsentence motions to withdraw their guilty pleas and asked for an evidentiary hearing where they were improperly charged for a higher degree offense where lab reports indicated that they should have been charged with the lower felony offense. In Kidd, the Second District reversed the trial court and remanded for an evidentiary hearing. What distinguishes this case from *Page 11 Kidd is that in the case at bar, Mr. Gibson's sentence has been reduced so that it falls with the statutory range of punishments for a fourth degree felony. In Kidd, there is no indication that the defendant's sentence was reduced in the first appeal. Absent a showing of prejudice, we reject Mr. Gibson's argument that he is entitled to an evidentiary hearing.
 {¶ 36} Accordingly, we overrule Mr. Gibson's assignment of error.
 {¶ 37} The judgment of the Portage County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
[1] On July 25, 2005, Mr. Gibson filed a pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), along with his notice of appeal. Pursuant to this court's August 31, 2005 judgment entry, we granted Mr. Gibson's motion.
[2] The trial court failed to file findings of fact and conclusions of law in its January 6, 2005 judgment entry. On April 13, 2005, this court sua sponte remanded the matter for the sole purpose of the trial court to issue findings of fact and conclusions of law pursuant to R.C.2953.21. The trial court filed the requisite findings of fact and conclusions of law denying Mr. Gibson's petition for postconviction relief on April 19, 2005.
[3] Mr. Gibson filed a pro se brief on February 28, 2005, in which he alleged his first assignment of error. On January 17, 2006, Mr. Gibson, through his counsel, filed a supplemental brief, asserting assignments of error two through five.
[4] Although a similar claim was raised in his postconviction relief motion, we do not believe this case should be dismissed on res judicata grounds because a motion to withdraw a guilty plea is procedurally different than a postconviction relief motion since it is not a "collateral challenge to the validity of a conviction or sentence."Bush at ¶ 13.