OPINION
{¶ 1} Appellant, Roosevelt D. Gray, appeals the judgment of the Trumbull County Court of Common Pleas, denying his motion to withdraw his guilty plea without hearing. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In 1993, appellant entered a plea of guilty to the following offenses: involuntary manslaughter, in violation of R.C. 2903.04(A); aggravated robbery, in violation of R.C. 2911.01; aggravated robbery with a firearm specification, in violation of *Page 2 
R.C. 2911.01 and former R.C. 2941.143; and receiving stolen property with a firearm specification, in violation of R.C. 2913.51 and former R.C. 2941.143.
 {¶ 3} Following a presentence investigation, the trial court sentenced appellant to a term of imprisonment of 34 to 85 years, plus an additional three years for the firearm specification.
 {¶ 4} Appellant filed a motion to withdraw his guilty plea on May 27, 2008, which was denied without an evidentiary hearing. As grounds for his motion, appellant claimed the Ohio Parole Board denied his parole because the Trumbull County Prosecutor filed a written objection, which was a violation of the plea agreement.
 {¶ 5} It is from this denial that appellant filed a timely notice of appeal and asserts the following assignments of error:
 {¶ 6} "[1.] The trial court committed reversible error by denying the defendant's motion to withdraw his guilty pleas where he had been denied the benefit of the plea bargain that he entered into with the state [of Ohio] in order to get him to enter a [sic] the pleas.
 {¶ 7} "[2.] The trial court committed reversible error by failing to contuct [sic] an evidentiary hearing on defendant's] claim of being dened [sic] the benefit of the plea bargain."
 {¶ 8} Since appellant's assignments of error are interrelated, we address them in a consolidated analysis.
 {¶ 9} At the outset, we note that "[u]pon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks *Page 3 
review." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. (Citations omitted). Furthermore, the Supreme Court of Ohio stated, "[a]ny lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee." Id.
 {¶ 10} Although appellant failed to provide this court with a transcript of the trial court proceeding, we are able to review appellant's assignments of error since a copy of the transcript was supplied by appellee in its memorandum in opposition to appellant's motion for withdrawal of guilty plea.
 {¶ 11} Crim. R. 32.1 governs the withdrawal of a plea. Crim. R. 32.1 provides:
 {¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 13} Therefore, after sentencing, a defendant has the burden of demonstrating the existence of manifest injustice to withdraw a guilty or no contest plea. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe."State v. Wynn (1998), 131 Ohio App.3d 725, 728. (Citation omitted.) Since appellant filed his motion to withdraw his guilty plea after he was sentenced, he bore the substantial burden of demonstrating the existence of a manifest injustice. Crim. R. 32.1.
 {¶ 14} On a postsentence motion to withdraw a guilty plea, the decision of the trial court will not be disturbed absent an abuse of discretion. Smith, supra, at *Page 4 
paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 15} On appeal, appellant also argues the trial court erred in not conducting an evidentiary hearing on his motion to withdraw his guilty plea.
 {¶ 16} "`While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. [State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus.] In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id.'" State v. Gibson, 11th Dist. No. 2007-P-0021, 2007-Ohio-6926, at ¶ 32. (Citation omitted.)
 {¶ 17} Appellant asserts the prosecution violated the terms of his plea agreement when they objected to the parole board to his release since the prosecution, off the record, promised to withhold any objection related to this matter. To support this assertion, appellant attached a self-serving affidavit to his motion to withdraw his guilty plea.
 {¶ 18} In denying appellant's motion, the trial court stated "without a scintilla of supporting evidence in the record of this matter to support his claim, the [appellant] has failed to meet his burden of demonstrating manifest injustice through either his self-serving *Page 5 
affidavit or the memorandum in support which draws heavily if not entirely from the said affidavit." We agree.
 {¶ 19} A review of the record, including the plea colloquy, does not support appellant's assertion that the prosecution agreed to withhold any objection to his parole. In fact, during the plea colloquy, the following exchange occurred between the trial court and appellant:
 {¶ 20} "THE COURT: Did you sign [the Waiver of Prosecution by Indictment] freely and voluntarily?
 {¶ 21} "THE DEFENDANT: Yes.
 {¶ 22} "THE COURT: Were any promises or threats made to you to get you to make this signature?
 {¶ 23} "THE DEFENDANT: No, Sir.
 {¶ 24} "* * *
 {¶ 25} "THE COURT: Have any threats or promises been made to you to get you to enter this plea of guilty?
 {¶ 26} "THE DEFENDANT: No, Sir."
 {¶ 27} Furthermore, while appellant maintains the prosecution filed a written objection to the Ohio Parole Board, he has failed to provide this court with a copy of said letter. The only evidence appellant submitted to this court to support his claim of this agreement is a self-serving affidavit, which is "`[g]enerally * * * insufficient to demonstrate manifest injustice.'" State v. Gibson, 2007-Ohio-6926, at ¶ 33. (Citations omitted.) *Page 6 
 {¶ 28} In addition, we recognize that while a time limitation is not specified in Crim. R. 32.1, "`[t]his is not to say that timeliness is not a consideration, * * * as an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."'"State v. Gibson, 2007-Ohio-6926, at ¶ 28. (Citations omitted.)
 {¶ 29} In the instant case, appellant claims he was denied parole on October 23, 2006, yet he filed his motion to withdraw his guilty plea on May 27, 2008. Waiting nearly 19 months to file this motion is certainly a factor that adversely weighs against appellant.
 {¶ 30} For the foregoing reasons, appellant failed to demonstrate manifest injustice. As a result, we are unable to conclude the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea.
 {¶ 31} For the reasons stated in the opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1