[Cite as *State v. Smith*, 2017-Ohio-1155.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104263

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD A. SMITH

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-88-226041-A

**BEFORE:** Kilbane, P.J., McCormack, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 30, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue - Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Brett Hammond
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113



**Also Listed**

Edward A. Smith
Inmate No.   R135-659
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Edward A. Smith ("Smith"), appeals from the trial court's judgment denying his postsentence motion to withdraw his guilty plea for aggravated murder. For the reasons set forth below, we affirm.

{¶2} In November 1985, Smith fatally stabbed the victim, while burglarizing the victim's home. Smith was 17 years of age at the time. In July 1988, Smith entered into a plea agreement with the state of Ohio ("State") in which he pled guilty to aggravated murder. On the same day of his plea, the trial court sentenced Smith to 20 years to life in prison. The sentence was ordered to run concurrently to three other cases Smith had pending at that time.

{¶3} In August 2014, the trial court issued the following entry regarding Smith to the Ohio Adult Parole Authority:

> The court is in receipt of the Ohio Adult Parole Authority's 08/14/2014 notice of offender's hearing before the parole board. The court imposed a sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio parole board from that which was imposed. Clerk ordered to send a copy of this order to: Cynthia Mausser, Parole Board Chair; Adult Parole Authority, 770 West Broad Street, Columbus, Ohio 43229

{¶4} In January 2015, the Ohio Parole Board held a hearing to determine whether it would release Smith. The parole board decided not to release Smith because of the severity of his crime and the serious infractions he committed while incarcerated. The parole board found that Smith's release would create either an undue risk to public safety or be inconsistent with the welfare and security of society.

**{¶5}** In June 2015, which was approximately five months after the parole board's decision and 27 years after his sentence was imposed, Smith filed a motion seeking to withdraw his previously entered guilty plea. In his motion, he argued the trial court breached his plea agreement when the trial court submitted a letter to the Adult Parole Authority opposing his release. Smith contends that as part of his plea agreement, the trial court would not oppose his release on parole.

**{¶6}** In February 2016, the trial court held a hearing on Smith's motion. The court appointed counsel to assist Smith with his plea challenge. At the hearing, Smith's counsel advised the trial court that there is no copy of the 1988 plea and sentencing transcript and the trial judge and Smith's defense counsel passed away. Counsel advised that it was Smith's understanding at the time of his plea that the trial court would not oppose parole as part of the plea agreement. The only evidence that the trial court would not oppose Smith's release on parole is what Smith averred to in his affidavit. Smith claims that had he known that 28 years later the court would oppose the parole, he would not have pled guilty.

**{¶7}** The State introduced the testimony of the assistant prosecuting attorney who worked Smith's case. The prosecuting attorney explained that he had the opportunity to review the prosecutor's case file. He had no independent recollection of the case, the plea, or if the trial court promised to not oppose parole as a condition of the plea. He stated that "[a]s a prosecutor * * * [h]e never partook in sentencing hearings." He further explained that if there "were a condition [of the plea], [he] would have noted it on

the file jacket" because he kept detailed notes.    In reviewing this case file, the prosecuting attorney did not observe anything indicating that the prosecutor's office would not oppose parole.    He further testified that generally, the prosecutor's office would not take a position with respect to whether it would oppose parole.    Following the hearing, the trial court denied Smith's motion.

{¶8}    It is from this order that Smith appeals, with two appellate briefs before us for review.    His appointed appellate counsel filed a brief setting forth the following single assignment of error.    Smith filed a pro se brief setting forth the following five supplemental assignments of error, which shall be addressed together.

### Assignment of Error Filed by Counsel

The trial court committed error when, faced with a manifest injustice caused by its own breach of a plea agreement, it denied [Smith's] motion to withdraw his guilty plea.

### Pro Se Supplemental Assignment of Error One

The successor judge abused her discretion by issuing court orders without reviewing or even possessing the facts of the case in which the successor judge issued an additional order of judgment.

### Pro Se Supplemental Assignment of Error Two

The successor judge lacked jurisdiction to issue "facts of the case and recommendations" to the parole authority[,] and the issuance of court orders was an abuse of discretion and a sham legal process.

### Pro Se Supplemental Assignment of Error Three

The successor judge abused her discretion when two attorneys were not appointed to an indigent [Smith] when the record was clear that [Smith] was in fact charged with aggravated murder with specification and underlying felonies with specifications.

<u>Pro Se Supplemental Assignment of Error Four</u>

The successor judge's issuance of a court order was additional to the Criminal Rule 11 explanatory plea agreement, and facts presented were not construed in the light most favorable to [Smith].

<u>Pro Se Supplemental Assignment of Error Five</u>

The additional judgment [entry of August 2014] increased the penalty [to] the authority who provided eligibility for parole, to a unique sentence of life without parole eligibility, in violation of Eighth and Fourteenth Amendments that protect against cruel and unusual punishment.

**{¶9}** Within these assigned errors, Smith argues that the trial court abused its discretion when it denied his postsentence motion to withdraw his guilty plea. He also argues the trial court lacked jurisdiction to issue a recommendation, it abused it discretion in not appointing two attorneys to

represent him, and his "increased sentence" violates his constitutional protection against cruel and unusual punishment.

**{¶10}** Under Crim.R. 32.1, the trial court may set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), citing *United States v. Roland*, 318 F.2d 406 (4th Cir.1963). The individual seeking vacation of the plea bears the burden of establishing the existence of a manifest injustice. *Smith* at paragraph one of the syllabus. "A manifest injustice has been defined as a 'clear or openly unjust act,' *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83, meaning that a post-sentence withdrawal

motion to withdraw a guilty plea is allowable only in extraordinary cases." *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, ¶ 5, citing *Smith* at 264. On appeal, we review a trial court's refusal to allow a postsentence motion to withdraw a guilty plea for an abuse of discretion. *Id.*, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *State v. Bankston*, 8th Dist. Cuyahoga No. 92777, 2010-Ohio-4496.

{¶11} Smith claims that as part of his plea agreement in 1988, the trial court would not oppose his release on parole. He claims the trial court honored the agreement in 2002, 2005, and 2012, but breached the agreement in August 2014, when it issued the following docket entry:

> The court is in receipt of the Ohio Adult Parole Authority's 08/14/2014 notice of offender's hearing before the parole board. The court imposed a sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio parole board from that which was imposed. Clerk ordered to send a copy of this order to: Cynthia Mausser, Parole Board Chair, Adult Parole Authority, 770 West Broad Street, Columbus, Ohio   43229

{¶12} We find the instant case similar to this court's decision in *State v. Aquila*, 8th Dist. Cuyahoga No. 103889, 2016-Ohio-5140. In *Aquila*, the defendant filed a postsentence motion to withdraw his guilty plea based on his claim that the trial court breached the plea agreement when it opposed his parole. *Id*. at ¶6. Aquila appealed the trial court's denial of his motion. On appeal, we affirmed the trial court's decision, despite agreeing with Aquila that the trial court's statement to the parole board was a statement against him. *Id.* at ¶13. We stated:

> Aquila agreed to and was sentenced to "life in prison without the possibility of parole for 15 years." According to that sentence, parole was only a

"possibility at 15 years." We would conclude otherwise if the trial court at the plea hearing had promised to not oppose parole after 15 years. However, our review of the plea hearing transcript shows the trial court did not become involved in the plea agreement and made no representation that it would recommend parole.

*Id.* at ¶14.

{¶13} Likewise, in the instant case, the record demonstrates that Smith agreed to and was sentenced to life in prison without the possibility of parole for 20 years. Based on that sentence, parole was a possibility after 20 years. Here, the plea and sentencing transcript was destroyed and the prosecuting attorney does not recall the facts of the case. As a result, other than Smith's affidavit, there is no evidence that the trial court agreed not to oppose his parole after 20 years. "'Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.'" *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 32, quoting *State v. Wilkey*, 5th Dist. Muskingham No. CT2005-0050, 2006-Ohio-3276, ¶ 25. *See also State v. Gray*, 11th Dist. Trumbull No. 2008-T-0114, 2009-Ohio-1925, ¶ 27.

{¶14} Nevertheless, even if we were to agree with Smith that the trial court promised to not oppose parole, we do not find that the journal entry issued by the trial court served as a permanent disqualifier to Smith's release from prison. The journal entry did not recommend a sentence of life without the possibility of parole. In addition, the trial court was within its authority to make a recommendation regarding Smith's parole under R.C. 2967.03. The parole board has the discretion as to whether to require Smith to remain incarcerated or release him. *Id.* Here, the parole board decided not to

release Smith because of the severity of his crime and the serious infractions he committed while incarcerated. The board found that Smith's release would create either an undue risk to public safety or be inconsistent with the welfare and security of society. The board's decision does not reference the journal entry of the trial court.

{¶15} Smith also argues that the trial court abused its discretion when it did not appoint two attorneys to his postsentence motion to withdraw guilty plea. Here, the trial court assigned Smith one attorney for his hearing. In *State v. McNeal*, 8th Dist. Cuyahoga No. 82793, 2004-Ohio-50, we previously examined whether a defendant is entitled to representation with his postsentence motion to withdraw his guilty plea and found that the defendant was not automatically entitled to appointed counsel. *Id.* at ¶ 8. We reasoned that "[b]ecause [the defendant's] motion was filed long after the expiration of his initial right to appeal, he was not automatically entitled to appointed counsel." *Id.* Therefore, the trial court in this case acted within its discretion when it appointed Smith one attorney to represent him with his postsentence motion to withdraw his guilty plea.

{¶16} Smith further argues that the journal entry issued by the trial court extended his sentence from life with the possibility of parole to a sentence of life without parole, in violation of his constitutional rights. However, a review of the record reflects that neither the trial court nor the parole authority has modified his prison term so that he is now subject to a sentence of life without the possibility of parole. Even after a prisoner has met the minimum eligibility requirements, parole is not guaranteed. The parole authority has wide-ranging discretion in parole matters and may refuse to grant release to

an eligible offender. *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, ¶ 37, citing *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548. Thus, Smith's constitutional rights have not been violated.

{¶17} Based on the foregoing, Smith has not demonstrated that he has suffered a manifest injustice from the trial court's denial of his postsentence motion to withdraw his guilty plea.

{¶18} Accordingly, Smith's assignments of error are overruled.

{¶19} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE
TIM McCORMACK, J., and
MARY J. BOYLE, J., CONCUR