JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On April 15, 2008, the applicant, Allen Richardson, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v.Richardson, Cuyahoga App. No. 87886, 2007-Ohio-8, in which this court affirmed Richardson's sentences for involuntary manslaughter with a three-year firearm specification and felonious assault with a three-year firearm specification.[1] Richardson now contends that his appellate counsel was ineffective for not arguing that his plea was involuntary because the trial court judge did not inform him of the mandatory period of postrelease control and because his trial counsel was ineffective for allowing him to plead guilty without being informed of the mandatory period of postrelease control. For the following reason, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Richardson filed his application one year and three months after this court's decision. Thus, it is untimely on its face. He argues that his lack of legal knowledge and lack of money to retain counsel prevented him from timely filing his application. However, the courts have consistently ruled that lack of knowledge or ignorance of the law do not *Page 4 
provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
 {¶ 3} Moreover, the Supreme Court of Ohio in State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate attorneys continued to represent them, and their appellate attorneys could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination and ignorance of the law do not establish *Page 5 
good cause for complying with this fundamental aspect of the rule. Thus, Richardson's lack of counsel and his ignorance of the law do not state good cause.
 {¶ 4} Accordingly, this court denies the application to reopen.
COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] The grand jury indicted Richardson for aggravated murder, felony murder, and two counts of felonious assault against Robert Earl Edwards, all with three-year firearm specifications, as well as attempted murder and two counts of felonious assault against Jane Doe, also, all with three-year firearm specifications. Richardson pleaded guilty to involuntary manslaughter and felonious assault with an agreed sentence of eighteen years, and the other counts were nolled. On appeal, Richardson contested the sentence. *Page 1