[Cite as *State v. Richardson*, 2012-Ohio-2771.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97407**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALLEN P. RICHARDSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-461998

**BEFORE:** Sweeney, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik, Esq.
Public Defender
By:   John T. Martin, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By:   Allan T. Regas, Esq.
Assistant County Prosecutor
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant Allen Richardson ("defendant") appeals following a hearing where the trial court imposed postrelease control as part of his eighteen year prison sentence for involuntary manslaughter, felonious assault, and related gun specifications. Defendant petitions this court to (1) reverse the imposition of mandatory postrelease control, (2) remand this matter for a new hearing pursuant to R.C. 2929.191, and (3) to instruct the trial court to conduct a hearing on his motion to withdraw the guilty plea. For the reasons that follow, we affirm.

{¶2} In June 2005, defendant pled guilty to involuntary manslaughter and felonious assault; both included three year firearm specifications.[1] The trial court imposed the agreed recommended sentence of 18 years in prison. In his direct appeal, defendant asserted that the court erred by imposing the agreed sentence, specifically with respect to the consecutive terms. This court affirmed the judgment of the trial court. *State v. Richardson*, 8th Dist. No. 87886, 2006-Ohio-8. Defendant applied to reopen his appeal pursuant to App.R. 26(B)(1) alleging appellate counsel should have raised the trial

---

[1] Defendant was indicted in counts one through four with "aggravated murder, felony-murder, felonious assault (serious physical harm) and felonious assault (by means of a deadly weapon or dangerous ordnance). Each of those four counts contained both three-year firearm and criminal gang activity specifications. Appellant was also indicted in counts five through seven, respectively, relative to harm caused to Jane Doe, as follows: attempted murder, felonious assault (serious physical harm) and felonious assault (by means of a deadly weapon or dangerous ordnance.) Each of those three counts contained three-year firearm specifications. The eighth and final count of the indictment charged appellant with having a weapon while under disability." *State v. Richardson*, 8th Dist. No. 87886, 2006-Ohio-8, ¶ 2.

court's failure to properly advise him of postrelease control as a ground for vacating the plea. *State v. Richardson*, 8th Dist. No. 87886, 2008-Ohio-2360, ¶ 1. Defendant's application was denied as untimely. *Id.*

**{¶3}** In June 2009, defendant moved to withdraw the guilty plea pursuant to Crim.R. 32.1 and alternatively for resentencing. Defendant cited the trial court's alleged failure to properly impose the mandatory term of postrelease control as the basis for this motion. Defendant acknowledges that the trial court advised him that he would be subject to postrelease control, however, he maintains he was not notified of the mandatory nature nor the length of the PRC term.

**{¶4}** Defendant claims that had he known about the mandatory five year term of postrelease control and the consequences for its violation, he would not have pled guilty. The state opposed the motion arguing that the trial court lacked jurisdiction to consider it. The trial court denied the motion by journal entry dated February 26, 2010.

**{¶5}** On March 4, 2010, defendant moved the trial court for a de novo sentencing hearing pursuant to R.C. 2929.191(A)(1). Three days later, defendant moved for a hearing to properly impose postrelease control citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

**{¶6}** On March 28, 2011, the state filed its motion to impose postrelease control and acknowledged that postrelease control was not properly imposed.

**{¶7}** On May 26, 2011, the trial court issued a journal entry granting the state's motion to impose postrelease control and scheduled a hearing. The court appointed

counsel for defendant and sent a copy of the order to defendant at the penal institution with a copy to the public defender's office of this county.

{¶8} On June 24, 2011, the trial court conducted a hearing where the public defender was present throughout the proceedings but indicated to the court that defendant wished to proceed pro se. The record reflects that defendant and the public defender continued to address the court throughout the proceeding. Defendant alleged he had not received notice of the hearing.

{¶9} The trial court found that in accordance with *Fischer*, it was required to correct that portion of defendant's sentence that was improper — "the postrelease control portion." R. 57.

{¶10} Defendant was advised of postrelease control, including that his sentence includes a mandatory five year period of postrelease control, and he was advised of the consequences for violating PRC.

{¶11} Defendant is represented by counsel in this appeal and asserts three assignments of error for our review.

{¶12} "Assignment of Error I: Mr. Richardson was denied the assistance of counsel at the June 24, 2011 hearing where postrelease control was added to his sentence."

{¶13} The trial court appointed the public defender to represent defendant at the June 24, 2011 hearing. Counsel appeared and was present throughout the hearing. However, counsel advised the trial court that he had discussed the matter with defendant

who had expressed a desire to represent himself. The court directly asked defendant what he had to say. Defendant stated his objection to the hearing and to the imposition of PRC. Defendant stated his belief that he was entitled to a full resentencing hearing. The trial court then said, "I have a question of counsel[,]" to which both the state's attorney and defense counsel responded without objection from defendant. Thereafter the court listed the matters before the court and noted that defendant was

> present with counsel. Public defender representing the defendant. And, I've allowed him and I think he's representing himself. I will still ask the defender to remain here as I just questioned him on the procedure as to any appeal, allowing both counsel to respond * * *.

Again, defendant did not object.

{¶14} Defendant does not allege that he received ineffective assistance of counsel but asserts that he was denied the right to counsel. He was never denied the right to, or assistance of, counsel. Even though defendant expressed a desire to proceed pro se, the trial court appointed him counsel and required that defense counsel remain at the hearing to assist in the defense. This assignment of error is overruled.

{¶15} "Assignment of Error II: Mr. Richardson was not provided notice of the hearing."

{¶16} Defendant's claim that he did not receive notice of the hearing contradicts the record. The trial court's May 26, 2011, journal entry that granted the state's motion to impose postrelease control was sent to defendant and the county public defender's office. Defendant's address is correctly listed on that entry. An order was issued on June 17, 2011 to have defendant transported back to this county. Defendant was transported

and attended the June 24, 2011 hearing. Defendant's court appointed public defender (who apparently did receive notice of the hearing) was also present. In addition, the public docket reflects the purpose of the scheduled hearing. There is no evidence to support defendant's claim that he lacked notice besides his own statement.

{¶17} Alternatively, defendant would not have derived any advantage if the court had granted him a continuance for notice. The trial court did not have any discretion concerning the imposition of mandatory postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶72. To the extent defendant believed he was entitled to a de novo sentencing hearing on all aspects of his conviction, he was mistaken. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus ("The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to the proper imposition of postrelease control." (citation omitted)). Accordingly, this assignment of error is overruled.

{¶18} "Assignment of Error III: The trial court erred when it failed to address Mr. Richardson's motion to withdraw his plea of guilty."

{¶19} Defendant contends that the trial court erred by denying his motion to withdraw his guilty plea that he filed after his sentence was imposed but prior to the proper imposition of postrelease control. It is settled law in this district that such a motion is considered a post-sentence motion to withdraw "that must meet the stricter manifest injustice standard [set forth in Crim.R. 32.1]." *State v. Bell*, 8th Dist. No. 95719, 2011-Ohio-1965, ¶ 22.

{¶20} The state responds that the trial court lacked jurisdiction to even consider the motion, alleging defendant could have raised it on direct appeal rendering the matter barred by res judicata. *State v. Waite*, 8th Dist. No. 96954, 2012-Ohio-489. We note that defendant did attempt to reopen his appeal on this ground pursuant to App.R. 26(B). Because defendant's application was untimely it was denied and this issue was not considered on its merits.

{¶21} Assuming that res judicata would not bar consideration of this issue under the facts of this case, defendant has not established his burden of establishing manifest injustice. This court has stated that

> [a] manifest injustice is defined as a "clear or openly unjust act[;]" * * * "an extraordinary and fundamental flaw in the plea proceeding." * * * "[M]anifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

*State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502.

{¶22} Defendant was charged with eight felony offenses, including aggravated murder, and faced numerous gun and gang activity specifications. The record demonstrates that he not only entered a guilty plea but also negotiated an agreed sentence of 18 years. This is not a case where the trial court failed entirely to advise defendant of postrelease control. Instead, defendant was advised that when he was released from his 18 year prison sentence he would "be subject to postrelease control, governed by the Parole Board." Defendant verbally affirmed that he understood this aspect of his sentence prior to entering his guilty plea. The trial court asked him specifically if there was

anything about the plea proceedings that he did not understand or that he would like more fully explained. Defendant said, "No."

**{¶23}** The court imposed the agreed 18 year prison sentence and in doing so stated, "I remind you again you'll be subject to postrelease control, that the Parole Board will govern you."

**{¶24}** If the postrelease control portion of defendant's sentence was as critical[2] to his decision to enter a guilty plea as he is now asserting, it logically follows that he would have inquired about it at that time. It is undisputed that defendant was repeatedly advised during his plea and sentencing that his sentence included a term of postrelease control. Although given the opportunity to question any portion or aspect of the plea, defendant told the court he understood it and had no questions.

**{¶25}** Simply stating years after that fact that he would not have entered the plea had he been more thoroughly advised of postrelease control is not sufficient to satisfy the burden of proving the manifest injustice required in a post-sentence motion to withdraw the plea.

**{¶26}** This assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] Indeed defendant maintains that he would not have entered the guilty plea if he knew that the postrelease control term was five years and the consequences for its violation.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR