OPINION
{¶ 1} Andres Sola Murillo appeals from judgments of the Montgomery County Court of Common Pleas, which denied his motion to withdraw his guilty pleas. *Page 2 
 {¶ 2} On appeal, Murillo's appointed counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, wherein counsel represented that, after thorough examination of the record, she was unable to discover any errors by the trial court that were prejudicial to Murillo. By magistrate's order of November 13, 2008, we informed Murillo that his counsel had filed an Anders brief and of the significance of such a brief. We granted Murillo sixty days to file a pro se brief assigning errors for review. Murillo filed a pro se brief on December 19, 2008, and the State has filed a responsive brief.
 {¶ 3} As discussed below, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review and that this appeal is frivolous. The judgments of the trial court denying Murillo's motion to withdraw his guilty pleas will be affirmed.
 I {¶ 4} Murillo is a native of Honduras, and his native language is Spanish. On March 5, 2002, Murillo pled guilty to aggravated burglary (Case No. 01-CR-3173) and murder (Case No. 01-CR-4297); as part of the plea agreement, a second count of murder was dismissed. The aggravated burglary charge stemmed from a September 21, 2001, incident in which Murillo trespassed in the home of Julie Papp and inflicted or attempted to inflict harm to her. The murder charge arose from the stabbing death of Murillo's wife, Julie.
 {¶ 5} At the plea and sentencing hearing, Murillo was represented by two attorneys, one of whom spoke Spanish, and the trial court provided an interpreter. At the beginning of the hearing, Murillo's counsel indicated that they had reviewed the *Page 3 
plea forms in Spanish with Murillo, that he wished to enter pleas per the negotiated agreement, and that he wanted sentence to be imposed that day.
 {¶ 6} The trial court reviewed with Murillo the consequences of entering a guilty plea, including the consequences that result from his lack of citizenship in the United States. After discussion with counsel, Murillo indicated that his desire to plead had not changed. Murillo denied being under the influence of drugs or alcohol and being on probation or parole. He expressed that he had reviewed and understood the plea forms and that he understood that, by pleading guilty, he was giving up the right to a jury trial, to confront witnesses against him, to subpeona witnesses, to remain silent, and to require the State to prove his guilt beyond a reasonable doubt. Murillo indicated that he understood the potential maximum sentences that he could receive, that he was not eligible for community control sanctions, and that the parole board would determine when, after 15 years, he would be released.
 {¶ 7} The prosecutor stated the facts upon which both charges were based. When asked how he intended to plead to the offense of murder, Murillo responded, "I plan to plead guilty, even though it was not all of my fault." The court then asked if he was pleading guilty or not guilty; Murillo responded through his interpreter, "Guilty."
 {¶ 8} When asked his plea on the aggravated burglary charge, Murillo responded that he was "guilty of having broken the glass," but he denied hitting Papp. The court clarified that he was not required to actually hit Papp, but that he had broken "into the house with the intention of causing any crime, any felony therein, and that while you were in there, you attempted or tried to cause harm." Murillo stated that he was outside when he had broken the glass, and when Papp had opened the door, he *Page 4 
took three steps into the home "to ask her for forgiveness." When asked by the court, "[t]hen, based on those facts, how do you plead to aggravated burglary?" Murillo responded, "I plead guilty, because I did break the glass. So, I plead guilty." The court then confirmed that he had entered the house, which Murillo again acknowledged. Murillo reviewed and signed the plea forms.
 {¶ 9} Upon acceptance of his guilty pleas, the court sentenced Murillo to serve ten years for the aggravated burglary, to be served concurrently with a sentence of fifteen years to life for the murder.
 {¶ 10} Since his plea, Murillo has filed numerous motions. In February 2005, he moved to withdraw his guilty plea in the murder case, arguing that the trial court improperly relied upon conclusions of his interpreter and that he was not informed of his right to consular assistance. Murillo's appeal of the trial court's denial of his motion was dismissed for lack of prosecution. State v. Murillo (Dec. 15, 2005), Montgomery App. No. 21048. In June 2006, Murillo moved to enjoin the collection of court costs and restitution, which the trial court denied. We subsequently affirmed the court's judgment as to court costs, but reversed the trial court as to restitution, because there was no judgment entry ordering the payment of restitution. State v.Murillo, Montgomery App. No. 21919, 2008-Ohio-201.
 {¶ 11} In January 2007, Murillo moved to withdraw both guilty pleas, pursuant to Crim. R. 32.1, to correct a manifest injustice. Murillo argued that the trial court denied his motion for an injunction to stop the collection of court costs and restitution, and that the State committed "conversion." He further asserted that the trial court made several errors during his plea, including failing to use the Federal Rules of Criminal Procedure, *Page 5 
failing to ensure that he (Murillo) admitted to the charges, failing to advise him of his right to appellate counsel, and failing to allow Murillo to explain why he was not guilty of aggravated burglary and "why the victim's death was not his fault." Murillo also claimed that his counsel rendered ineffective assistance and "badgered" him to plead guilty. Murillo asserted that his plea was not knowingly and voluntarily made, but was made "under duress." Finally, Murillo asserted that the State had broken his plea agreement in that the Adult Parole Authority had changed its practices and policies in determining whether to grant parole.
 {¶ 12} On May 31, 2007, the trial court denied Murillo's motions to withdraw his pleas. The court stated that Murillo had not produced any evidence to show that his plea was not knowingly and voluntarily made, and that "a review of the plea record in this case demonstrates that this Court ensured that Defendant knew and understood his rights and the effect of his plea." The trial court concluded that it had complied with the requirements of Crim. R. 11, and it found no manifest injustice to permit the withdrawal of the plea.
 {¶ 13} On appeal, Murillo's counsel found no arguable error in the denial of Murillo's motion to withdraw his pleas. Counsel concluded that the trial court complied with Crim. R. 11 and that no manifest injustice is demonstrated. Counsel further noted that Murillo waived his right to appeal the trial court's failure to administer the oath to the Spanish language interpreter.
 {¶ 14} In his pro se brief, Murillo focuses on his guilty plea to the aggravated burglary charge. He argues that the indictment for aggravated burglary was defective because it failed to include the requisite mental state of "knowingly" for the trespass *Page 6 
element of aggravated burglary, and that the trial court failed to instruct him on the requisite mental state for trespass. He further argues that the prosecutor failed to specifically define "the offender inflicts or attempts to inflict physical harm to another" and that nothing in the record indicated that Murillo attempted to commit a crime inside the house. Murillo claims that he did not force his way into the victim's house.
 {¶ 15} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record in this case, and, having done so, we find that there are no arguably meritorious issues for appellate review and that this appeal is frivolous. Specifically, we find no arguable error in the trial court's reasoning, and we find nothing to support the conclusion that Murillo's convictions constitute a manifest injustice. None of the alleged errors raised in Murillo's pro se brief regarding the indictment was raised before the trial court.
 {¶ 16} Even if Murillo's alleged errors in the indictment had been raised in the trial court, we have repeatedly rejected the assertion that the holdings of State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I") and State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II") apply to an aggravated burglary indictment that tracks the language of the statute. State v. Day, Clark App. No. 07-CA-139, 2009-Ohio-56, at ¶ 23, citing State v. Davis, Cuyahoga App. No. 90050,2008-Ohio-3453; State v. Smith, Montgomery App. Nos. 21463 and 22334,2008-Ohio-6330, at ¶ 76.
 III {¶ 17} The judgments of the trial court in Case Nos. 01-CR-4297 and 01-CR-3173 denying Murillo's motions to withdraw his pleas will be affirmed. *Page 7 
DONOVAN, P.J. and FAIN, J., concur.
Copies mailed to:
Kirsten A. Brandt
Pamela Little Pinchot
Andres Sola Murillo
Hon. Barbara P. Gorman *Page 1