[Cite as *State v. Waite*, 2012-Ohio-489.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96954**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BENJAMIN WAITE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-515222

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

ATTORNEY FOR APPELLANT

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


SEAN C. GALLAGHER, P.J.:

{¶ 1}  Appellant, Benjamin Waite, appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion to withdraw his guilty plea.  For the reasons stated herein, we affirm.

{¶ 2}  In February 2009, Waite entered a guilty plea in two separate cases.  In Cuyahoga C.P. No. CR-513417, he pleaded guilty to one count of robbery.  In Cuyahoga C.P. No. CR-515222, he pleaded guilty to one count of intimidation.  At the plea hearing, the trial court also found Waite violated the conditions of his community control in

Cuyahoga C.P. No. CR-490494. The trial court sentenced Waite to three years in prison for the robbery count, four years in prison for the intimidation count, and three years in prison for the community control violation, for a total of ten years in prison.

{¶ 3} Waite filed a direct appeal to this court. *State v. Waite*, 8th Dist. No. 92895, 2010-Ohio-1748, 2010 WL 1610496. He did not challenge his plea at that time. As a result of the appeal, the trial court was instructed to vacate Waite's three-year prison term for the community control violation. *Id.* at ¶ 7. The remainder of his sentence and his conviction were affirmed. *Id.* at ¶ 11.

{¶ 4} On April 18, 2011, Waite filed a motion to withdraw his guilty plea in CR-513417 and CR-515222. He claimed his trial counsel had advised him that his total sentence, including a probation violation, would not exceed five years, and that he relied upon this advice in entering his plea. He attached an affidavit in support of his motion.

{¶ 5} The transcript of the plea hearing reflects that the trial court asked Waite whether he had been promised anything in exchange for his guilty plea and whether he understood the maximum sentences that he could receive on the charged offenses. Waite responded that he had not been promised anything and that he understood the possible penalties, which included a sentence of up to ten years in prison.

{¶ 6} The trial court denied Waite's motion. Waite appealed the ruling in CR-515222. He raises one assignment of error that argues the trial court erred by overruling his motion to withdraw his guilty plea.

**{¶ 7}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. This court has consistently found that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal. *State v. Carnail*, 8th Dist. No. 95580, 2011-Ohio-3464, 2011 WL 2731830, ¶ 18; *State v. Johns*, 8th Dist. No. 92627, 2010-Ohio-68, 2010 WL 117710, ¶ 13; *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, 2009 WL 1965292, ¶ 9.

**{¶ 8}** In *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, the Ohio Supreme Court upheld the application of res judicata to reject claims that a defendant raised on remand as a basis to withdraw his guilty pleas. The court recognized that "'[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *Id.* at ¶ 59, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The court also found the trial court had no authority to consider a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court, because Crim.R. 32.1 "'does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'"

*Id.* at ¶ 61, quoting *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).

{¶ 9} Accordingly, not only is Waite's claim barred by res judicata, but also, the trial court lacked authority to consider his motion. We further find that any error in ruling on the motion was harmless, as the court should have simply dismissed the motion. Therefore, we overrule Waite's sole assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR