[Cite as *State v. Conner*, 2012-Ohio-3579.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98084**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE CONNER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521352

**BEFORE:**   Jones, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**FOR APPELLANT**

Andre Conner, Pro se
Inmate #570-939
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Andre Conner, appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

{¶2} In 2009, Conner pleaded guilty to two counts of attempted murder with five-year firearm specifications and was sentenced to a total of 12 years in prison. He appealed, arguing that he had not been properly informed of postrelease control. We affirmed his conviction, finding that the trial court substantially complied with Crim.R. 11 in informing Conner about the mandatory nature of postrelease control. *State v. Conner*, 8th Dist. No. 93953, 2010-Ohio-4353.

{¶3} In February 2012, Conner moved to withdraw his guilty pleas, which the state opposed. The trial court denied his motion and Conner now appeals, pro se, raising the following assignment of error for our review:

> [I.] The trial court committed [an abuse of discretion] when it denied the appellant's motion to withdraw his [guilty] plea without holding a hearing first and when it [applied] the doctrine of res judicata in violation of appellant's due process rights under the 14th and 6th Amendment[s] to the U.S. Constitution and Article I, Section 10 & 16 of the Ohio Constitution.

{¶4} Conner argues that the trial court should have held a hearing on his motion to withdraw his guilty pleas and erred by finding that res judicata applied.

{¶5} A post-sentence motion to withdraw a guilty plea is governed by the "manifest injustice" standard. Crim.R. 32.1. A manifest injustice has been defined as

a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83, meaning that a post-sentence withdrawal motion to withdraw a guilty plea is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Because the decision of whether an injustice exists requires an examination of the underlying facts asserted in the motion, we review a trial court's refusal to allow a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *State v. Bankston*, 8th Dist. No. 92777, 2010-Ohio-4496, ¶ 50.

{¶6} The trial court must hold a hearing on a post-sentence motion to withdraw a guilty plea only "if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9, citing *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123.

{¶7} We see no error in the trial court's decision to deny Conner's motion without holding a hearing. Conner argued in his motion that he agreed to an 8-year prison sentence so the court erred by sentencing him to 12 years in prison; he did not understand that he would receive 5 years on the firearm specification; and he did not understand the nature of his plea. But the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, ¶ 59; *State v. Waite*, 8th Dist. No. 96954, 2012-Ohio-489, ¶ 7. Each of

Conner's claims could have been raised on direct appeal.

{¶8} Moreover, a trial court has no authority to consider a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court, because Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Waite* at *id.* citing *Ketterer* at ¶ 61.

{¶9} Therefore, not only are Conner's claims barred by res judicata, but the trial court lacked authority to consider his motion. That being said, any error the trial court committed by ruling on the motion was harmless; the trial court should have simply dismissed the motion. *Waite* at ¶ 9.

{¶10} Conner had the opportunity to raise alleged errors regarding his plea hearing on direct appeal. Because he did not, and we affirmed his conviction on appeal, he is now barred by res judicata from raising such errors in a subsequent appeal.

{¶11} The sole assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court

for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR