[Cite as *State v. Bains*, 2013-Ohio-2530.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98845**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARMEET S. BAINS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-437308

**BEFORE:** Celebrezze, J., Stewart, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANT**

Margaret W. Wong
Scott E. Bratton
Margaret Wong & Associates Co., L.P.A.
3150 Chester Avenue
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1}   Defendant-appellant, Harmeet S. Bains, appeals the trial court's denial of his motion to withdraw his guilty plea pursuant to R.C. 2953.21 and  Crim.R. 32.1. After a careful review of the record and relevant case law, we affirm the trial court's judgement.

{¶2} Appellant is not a United States citizen, being a native and citizen of India. Appellant, however, obtained conditional permanent residency in the United States in 2000.  In 2003, he was charged with deception to obtain a dangerous drug, which is a felony offense in Ohio pursuant to R.C. 2925.22.

{¶3} On August 25, 2003, appellant entered a guilty plea to attempted deception to obtain a dangerous drug, which is a misdemeanor.  He was represented by counsel throughout the criminal proceedings.  Prior to taking appellant's plea, the trial judge advised him as follows:

> THE COURT: * * * [U]nder 2943.031, and I quote, if you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
>
> Upon request of the defendant, that's you, the Court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
>
> * * *
>
> All right: Now do you understand that you could be deported because of this?
> THE APPELLANT: Yes, sir.

THE COURT: All right. Even though this is a misdemeanor? This is an attempted deception to obtain dangerous drugs?

THE APPELLANT: Yes, sir.

THE COURT: And this is your decision?

THE APPELLANT: Yes, sir.

{¶4} Before accepting appellant's guilty plea, the court raised this issue again and inquired of appellant, "Have you given thoughtful consideration to what is taking place?" Appellant responded "Yes." The court then said, "You understand there may be serious consequences to pleading guilty because you are not a citizen of the United States?" And again appellant assented, "Yes, sir."

{¶5} Appellant pled guilty and was convicted of the misdemeanor offense. The court sentenced him to pay a $50 fine.

{¶6} The record contains correspondence from defense counsel to appellant dated October 20, 2003. Therein, appellant's counsel, among other things, specifically "urged" appellant to consult an immigration attorney to represent him "in any deportation proceedings initiated by the I.N.S." as a result of his conviction.

{¶7} In 2005, deportation proceedings were initiated against appellant due to his 2003 conviction.

{¶8} On August 24, 2009, appellant filed a motion to withdraw his guilty plea and vacate his conviction pursuant to R.C. 2953.21 and Crim.R. 32.1, alleging ineffective assistance of counsel with respect to the advisement of potential immigration consequences associated with his guilty plea. The trial court issued a journal entry

detailing its reasons for denying the motion. On October 21, 2010, this court affirmed the judgment of the trial court in *State v. Bains*, 8th Dist. No. 94330, 2010-Ohio-5143 ("*Bains I*").

{¶9} In *Bains I*, this court addressed appellant's ineffective assistance claim and determined that any prejudice caused by the alleged misadvice of appellant's counsel was cured by the trial court's clear advisement of the possibility of deportation pursuant to R.C. 2943.031(A). This court explained:

> Even if we accept the averments of defendant's affidavit as true; namely, that his attorney quietly told him not to worry, the trial court clearly advised defendant on several occasions that his conviction would subject him to deportation — a fact his attorney corroborated at least by October 2003. * * * For these reasons, defendant cannot establish the requisite prejudice necessary to entitle him to relief.

{¶10} On June 20, 2012, appellant filed a second motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On July 26, 2012, the trial court denied appellant's motion without a hearing, finding that appellant's claims were without merit and barred by res judicata.

{¶11} Appellant now brings this timely appeal raising three assignments of error for review:

> I. The denial of appellant's motion to withdraw his guilty plea pursuant to Ohio Crim.R. 32.1 was an abuse of discretion where appellant established that he was prejudiced by counsel's representation because counsel misadvised appellant about the adverse immigration consequences of his guilty plea upon inquiry by appellant after the court had advised him of the potential of deportation.
>
> II. The denial of appellant's motion to withdraw his guilty plea based on res judicata was an abuse of discretion.

III. The trial court erred when it denied appellant's motion to withdraw his guilty plea without conducting a hearing.

**Law and Analysis**

**Standard of Review**

{¶12} Before we turn to the merits of appellant's assignments of error, we first address the appropriate standard of review. A post-sentence guilty plea can be withdrawn to correct a "manifest injustice." Crim.R. 32.1. Under the manifest injustice standard, "a post-sentence withdrawal motion is allowable only in extraordinary cases." *State v. Conner*, 8th Dist. No. 98084, 2012-Ohio-3579, ¶ 5. To withdraw his plea based on the ineffective assistance of his trial counsel, appellant was required to demonstrate both that (1) his counsel's performance was deficient, and (2) a reasonable probability existed that, "but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.

{¶13} The decision to grant or deny a Crim.R. 32.1 motion lies in the trial court's sound discretion, and its decision will not be reversed absent an abuse of that discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude was unreasonable, arbitrary, or

unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331; *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990).

{¶14} Our review of the record in the case sub judice neither persuades us that the trial court abused its discretion by denying appellant's motion, nor that it failed to correct a manifest injustice for purposes of Crim.R. 32.1.

### Res Judicata

{¶15} Although raised in appellant's second assignment of error, we begin our analysis by reviewing appellant's contention that the trial court abused its discretion when its denied his motion to withdraw his guilty plea based on the doctrine of res judicata.

{¶16} Res judicata involves the related concepts of claim preclusion and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226. As relevant here, "issue preclusion * * * serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action * * *." (Citation omitted.) *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803. *See also State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294 (10th Dist.) (holding that "issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action").

{¶17} In the case at hand, appellant's June 20, 2012 motion to withdraw his guilty plea raised the same arguments previously made in his initial August 24, 2009 motion. In each motion, appellant argued that he was entitled to have his plea vacated based on

defense counsel's alleged misadvice regarding the deportation consequences of appellant's guilty plea and ensuing conviction. As previously stated, the trial court denied appellant's initial motion to withdraw, and this court affirmed the trial court's judgment in *Bains I*, finding that appellant failed to establish a viable ineffective assistance of counsel claim. Relying on this court's decision in *Bains I*, the trial court denied appellant's June 20, 2012 motion to withdraw his guilty plea based on the doctrine of res judicata.

{¶18} In challenging the trial court's judgment, appellant contends that his motion to withdraw his guilty plea should be exempted from the doctrine of res judicata based on recent decisions reached by the United States Supreme Court in *Lafler v. Cooper*, U.S. ____ , 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) (defendant was prejudiced by counsel's advice to reject plea offer and go to trial where he was convicted), and *Missouri v. Frye*,____ U.S. ____ , 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) (counsel was deficient in failing to communicate plea offer by the prosecution to the defendant before it expired).

{¶19} Appellant submits that *Lafler* and *Frye* "clearly" demonstrate that this court incorrectly determined in *Bains I* that any potential prejudice caused by defense counsel's ineffective performance during the plea hearing was cured by the trial court's advisement of the possibility of deportation pursuant to R.C. 2943.031(A). Thus, appellant argues he sufficiently established an ineffective assistance claim, and therefore should be permitted to withdraw his guilty plea in order to avoid an "injustice."

{¶20} We recognize the evolution of case law relating to the Sixth Amendment right to effective assistance of counsel during the plea bargaining process following the United States Supreme Court's decisions in *Lafler* and *Frye*. However, as this court recently stated in *State v. Hicks*, 8th Dist. No. 99119, 2013-Ohio-1904, ¶ 14, "*Lafler* and *Frye* did not create a new retroactive right." Thus, pursuant to the doctrine of res judicata, we are precluded from addressing the application of *Lafler* and *Frye* to appellant's allegations of ineffective assistance of counsel and prejudice as raised in his successive Crim.R. 32.1 motion. *See State v. Ayers*, 185 Ohio App.3d 168, 2009-Ohio-6096, 923 N.E.2d 654, ¶ 16 (8th Dist.) ("It is well-established that the application of res judicata is mandatory, even if there is a subsequent change in the law by judicial decision"). Accordingly, the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion without a hearing because no issues were raised that had not already been adjudicated.

{¶21} Moreover, a trial court has no authority to consider a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court because Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State v. Conner*, 8th Dist. No. 98084, 2012-Ohio-3579, ¶ 8, citing *State v. Waite*, 8th Dist. No. 96954, 2012-Ohio-489, ¶ 7.

**{¶22}** Therefore, not only are appellant's claims barred as res judicata, but the trial court lacked authority to consider his motion. That being said, any error the trial court committed by ruling on the motion was harmless. *Conner* at ¶ 9.

**{¶23}** Based on the foregoing, appellant's first, second, and third assignments of error are overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, A.J., and
LARRY A. JONES, SR., J., CONCUR