[Cite as *State v. Bell*, 2014-Ohio-49.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   25729 |
| v. | : | T.C. NO.   07CR802 |
| DIAHNTAE BELL | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of ____January____, 2014.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DIAHNTAE BELL, 565818, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Diahntae Bell appeals from a judgment of the Montgomery County Court of Common Pleas, which granted the State's motion for summary judgment and

dismissed Bell's petition for post-conviction relief. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} The facts underlying Bell's convictions are as follows:

On February 27, 2007, Cassandra Graves and Quiana Lott were residents of an apartment located at 5157 Embassy Place in Harrison Township. On that date, they noticed Bell coming out of an apartment located next door at 5155 Embassy Place. That apartment was being rented by Graves's sister, Donitta Harvey, who was in prison at that time. Graves and her brother Deangelo Epps were watching Harvey's apartment while she was in prison, and they had a key to the apartment. Bell was carrying a DVD player identified as belonging to Harvey. When Bell was confronted by Graves and Lott he claimed that he had permission to enter the apartment. He ultimately relinquished the DVD player and went to another apartment located at 5151 Embassy Place. Graves called the police to report Bell. When the police arrived, Bell had left the scene.

Almost two hours later, Bell returned to the apartment complex where he was observed pacing back and forth behind the apartments. Bell confronted the residents of 5157 and claimed that he had no reason to steal the DVD player. At that time, Lott became nervous, telephoned her brother Diamond Washington, and asked him to come over. At one point, Bell went back to the apartment located at 5151 and told the occupants, Lamicah Helton

and Lamond Chambers, that he had left his keys in 5155. Both Helton and Chambers approached the residents of 5157, seeking to gain access to 5155 in order to look for the keys; their requests were refused. Thereafter, Bell again confronted the residents of 5157 and asked them to look for his keys. At that point, Larue Bailey, another resident of 5157, had returned to the apartment. He and Washington went over to 5155 to look for the keys, but did not find them.

After Washington and Bailey went back inside 5157, Bell attempted to enter 5155 through the kitchen window. He was stopped by Washington and Bailey. Washington and Bell began to "tussle," and a gun was pulled out. As the men fought, Bell was shot in the hand and thereupon dropped the gun. Washington kicked the gun over to Bailey, who was later observed holding the gun at his side, pointed downward. At some point, the fight ended, with Washington returning inside to 5157. Bell was then observed walking back to the truck and retrieving a gun. Thereafter, he was observed shooting Bailey.

Following the shooting, Bell ran back and entered Helton's apartment, but immediately exited through the front door. Helton and Chambers took their children and left the apartment complex in a vehicle. The police responded to the scene. Bailey was transported to the hospital, where he was pronounced dead. Approximately fifteen minutes after the shooting, police received information that Bell was inside an apartment located at 5148

Northcutt Place, a short distance from Embassy Place. Bell was apprehended. A few days later, the handgun used to kill Bailey was found in a trash can in Trotwood. No fingerprints were obtained from the gun.

*State v. Bell*, 2d Dist. Montgomery No. 22448, 2009-Ohio-4783, ¶ 4-7.

**{¶ 3}** Bell was charged with felony murder, murder, felonious assault, two counts of burglary, and having a weapon while under disability. With the exception of one burglary charge, all of the charges carried firearm specifications. The matter proceeded to a jury trial, and Bell was convicted of felony murder (with a firearm specification), both burglary counts, and having a weapon while under disability. In October 2007, the trial court sentenced Bell to an aggregate term of 23 years to life in prison.

**{¶ 4}** Bell appealed from his convictions, and the transcripts of his jury trial were filed on August 28, 2008. We affirmed Bell's convictions. *Bell*, 2d Dist. Montgomery No. 22448, 2009-Ohio-4783. We denied Bell's subsequent applications to reconsider and to reopen his direct appeal. In May 2011, Bell filed a motion for resentencing, based on R.C. 2945.75(A)(2), and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. We affirmed the trial court's denial of that motion. *State v. Bell*, 2d Dist. Montgomery No. 24783, 2012-Ohio-3491.

**{¶ 5}** In January 2013, Bell filed a petition to vacate or set aside judgment of conviction or sentence. He claimed that his trial counsel had rendered ineffective assistance by failing to "advise [Bell] of a plea offer at any time prior to trial," contrary to *Missouri v. Frye*, _____ U.S. _____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Bell supported his petition with correspondence that he sent to his trial counsel, his attorney's response, and an

affidavit. The State moved for summary judgment, arguing that Bell's petition was untimely and that *Frye* did not announce a new rule of constitutional law to be applied retroactively. The State further argued that Bell's petition did not demonstrate substantive grounds for relief. The trial court found the State's arguments persuasive and granted the State's motion for summary judgment. The court found "(1) Bell's petition was not timely filed in accordance with R.C. 2953.21[, and] (2) Bell has not demonstrated substantive grounds for relief that would warrant a hearing."

{¶ 6} Bell appeals from the trial court's judgment, raising two assignments of error.

II.

{¶ 7} Bell's assignments of error state:

The trial court erred and demonstrated an abuse of discretion in granting the State's motion for summary judgment in light of the fact that the United States Supreme Court recognized a new federal or state right per R.C. 2953.23 in *Missouri v. Frye*, 132 S.Ct. 1399. (Reference: Trial Court Decision and Entry, May 27, 2013)

The trial court erred and demonstrated an abuse of discretion by fully adopting the State's motion for summary judgment holding that Appellant has not demonstrated substantive grounds for relief that would warrant a hearing. (Reference: Trial Court Decision and Entry, May 27, 2013)

{¶ 8} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal

offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 9} A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410, 639 N.E.2d 67; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 10} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse of discretion standard. *Gondor* at ¶ 58. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Bell first argues that the trial court erred in finding that his petition for post-conviction relief was untimely.

{¶ 12} When a direct appeal of the judgment of conviction has been taken (as in Bell's case), a petition for post-conviction relief must be filed "no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the

untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 13} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief if (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} The trial transcripts were filed in Bell's direct appeal in August 2008; Bell did not file his petition for post-conviction relief until January 2013. It is undisputed that Bell filed his petition outside the 180-day period set forth in R.C. 2953.21. Bell asserts that his petition was nevertheless timely, because his untimeliness was excused under R.C. 2953.23(A). Specifically, he argues that his trial counsel failed to inform him of a plea offer by the State prior to trial, which constituted ineffective assistance of counsel under *Frye*, _____ U.S. _____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

{¶ 15} Bell does not assert that he was unavoidably prevented from discovering the facts upon which he relies, namely his trial counsel's alleged failure to notify him of the State's plea offer before trial.[1] Rather, he argues that *Frye* recognized a new federal or state

---

[1] Bell does not even state when he learned of the State's offer (which he claims was an offer to plead guilty to involuntary manslaughter and a possible gun specification); in his appellate brief, he merely states that he learned of the plea offer "after the trial and conviction in this matter." Bell stated in his petition that, when he learned of the offer, "there was no provision that would allow counsel's actions to constitute ineffectiveness of counsel" and that he could not raise such a claim until

right that applied to him retroactively.

{¶ 16} We have previously held that *Frye* did not establish a new constitutional right that applies retroactively to situations such as Bell's. *State v. Isa*, 2d Dist. Champaign No. 2012 CA 44, 2013-Ohio-3382. We stated that *Frye* and *Lafler v. Cooper*, _____ U.S. _____, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)[2] "simply examined a defendant's existing right to the effective assistance of counsel in the context of plea bargaining." *Isa* at ¶ 9. In so holding, we followed decisions of Ohio's Eighth Appellate District, as well as federal cases from the Second, Eighth, and Tenth Circuits. *Id.*, citing *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 13-14; *State v. Bains*, 8th Dist. Cuyahoga No. 98845, 2013-Ohio-2530, ¶ 20; *United States v. Garcia-Rodriguez*, 10th Cir. No. 13-8031, 2013 WL 3032772 (June 19, 2013); *United States v. Echerivel*, 8th Cir. No. 12-2964, 2013 WL 1296679 (Apr. 2, 2013); *Gallagher v. United States*, 711 F.3d 315 (2d Cir.2013).

{¶ 17} Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that Bell's petition was untimely. Bell's first assignment of error is overruled. In light of this conclusion, Bell's second assignment of error is overruled as moot.

### III.

{¶ 18} The trial court's judgment will be affirmed.

---

*Frye* was decided in March 2012. On June 15, 2012, Bell sent a letter to his trial attorney, asking about the plea offer. Bell's petition thus indicates that Bell knew of the plea offer, at the latest, in June 2012, and the petition suggests that Bell knew of the offer before *Frye* was decided in March 2012. Bell does not address why he waited until January 2013 to file his petition.

[2] *Lafler* concerned a situation where ineffective assistance of trial counsel caused the defendant's nonacceptance of a plea offer, leading to a subsequent trial and a more severe sentence.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Kirsten A. Brandt
Diahntae Bell
Hon. Dennis J. Langer