[Cite as *State v. Cooks*, 2014-Ohio-1103.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                         :        C.A. CASE NO.    25592

v.                                               :        T.C. NO.    10CR814

FREDERICK L. COOKS                               :        (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                        :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____21st____ day of _____March_____, 2014.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ENRIQUE G. RIVERA-CEREZO, Atty. Reg. No. 0085053, 765 Troy Street, Dayton, Ohio 45404
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Frederick L. Cooks appeals from a judgment of the Montgomery County Court of Common Pleas, Criminal Division, which denied his Motion to Vacate

and/or Correct his 2010 sentences for assault on a police officer, failure to comply, and vehicular assault.

**{¶ 2}** For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 3}** In May 2010, Cooks was indicted on assault on a police officer, failure to comply with an order of a police officer (resulting in serious physical harm or substantial risk of harm), and possession of heroin (more than one gram but less than five grams). In July 2010, a bill of information was filed for vehicular assault; Cooks waived indictment on this offense.

**{¶ 4}** On September 8, 2010, Cooks reached a tentative plea agreement whereby he would plead guilty to assault on a police officer, failure to comply, and vehicular assault, in exchange for which the State would dismiss the count of possession. Off the record, the court agreed to sentence Cooks to an aggregate term of three years under this agreement.[1] However, the plea was not immediately entered, because Cooks wanted some time to "try to resolve" additional charges that might arise from the same course of conduct.

**{¶ 5}** On September 15, 2010, Cooks entered his guilty pleas pursuant to the plea agreement. The judge who presided at the plea hearing was not the judge assigned to the case, and no agreed sentence was stated at the plea hearing or on the plea forms. The court ordered a presentence investigation and set the matter for sentencing on October 13, 2010.

**{¶ 6}** On October 13, defense counsel requested a one-week continuance, which was granted. Sentencing was reset for October 20, 2010. Cooks did not appear on October

---

[1]The parties do not dispute that the court agreed to impose a sentence of three years, and the court acknowledged this fact in subsequent proceedings in the case.

20, and a capias was issued.   He was subsequently arrested.

{¶ 7}   On November 3, 2010, Cooks and his attorney appeared in court for sentencing.   The attorney stated that Cooks sought to withdraw his guilty pleas before sentencing, and Cooks expressed dissatisfaction with defense counsel.   Cooks claimed to have believed he would receive a two-year sentence in exchange for his pleas, and he claimed to have been told by defense counsel's secretary that he "had two weeks" to show up in court (meaning that he was not due back in court until October 27, instead of October 20).   In response, the court stated that defense counsel had "worked out an amazing deal" for Cooks, and it acknowledged having previously agreed to impose a three-year sentence. The trial court stated, however, that a condition of the agreed sentence had been that "you cooperate, you don't get into any more trouble and you show up."   Because Cooks had failed to appear on October 20, the court stated that it was "no longer committed to the three years;" it also observed that defense counsel had "nothing to do with it."

{¶ 8}   The court continued the case to allow Cooks to obtain different counsel.   It also expressly stated that it was not scheduling the matter for a hearing on the motion to withdraw the plea or permitting Cooks to withdraw his plea, but that it would set another hearing to "make a record" about Cooks's failure to comply with the court's terms for the agreed sentence.   The court stated that, prior to the next hearing, it would review the record to determine what had been said on the record as to the agreed sentence.   The court restated that defense counsel had "worked out an amazingly good deal" for Cooks, and "all [he] had to do was not get in trouble and show up." Cooks maintained that he had not intentionally failed to show up.

{¶ 9}  On November 24, Cooks filed a motion to enforce the plea agreement and for the trial judge to recuse herself.  The judge refused to recuse herself, and the court scheduled a December 20, 2010 hearing on Cooks's motion and for sentencing.

{¶ 10}  On December 20, Cooks was represented by new counsel.  At that hearing, the court acknowledged that the length of the agreed sentence had not been stated on the record at the plea hearing.  The trial court judge stated, however, that it was "[her] policy in every case where someone is going to do time, but is out on bond" to inform the defendant that he must "show up for [his] appointments * * * [and] for court," and if the defendant does not comply, the sentencing agreement does not apply.  The court acknowledged that this information had not been conveyed at the plea hearing in Cooks's case, because a different trial judge had conducted that hearing.

{¶ 11}  Addressing Cooks's earlier claim that he had been told by defense counsel's secretary that he had two weeks to appear for sentencing, the trial court noted that Cooks had not appeared on the appointed day (of which he claimed to have had no knowledge), but he also failed to appear at the two-week mark, a requirement he claimed to have known.  The court found Cooks's absence the second week to be "crucial."  (He was picked up on the capias after that date.)

{¶ 12}  The court observed that there may have been a "misunderstanding" between Cooks and the court about whether he had to show up for his court dates to get the agreed sentence, or could "get three years whenever [he] wanted to show up."  As a result of the possible "misunderstanding," the court gave Cooks a choice between withdrawing his plea and keeping the plea deal, but with a sentence of four years instead of three; "the extra year

is for you not showing up." The State informed Cooks that if he withdrew his plea, he would face "all the charges including the possession of heroin and the gun,"[2] and that he potentially faced "something like 13 years" if he went to trial. Cooks agreed to take the plea in exchange for a four-year sentence. No appeal was filed.

{¶ 13} Approximately a year and a half later, in May 2012, Cooks filed a pro se Motion to Vacate and/or Correct his sentence. The motion asserted that, in the earlier proceedings, he had failed to appear at sentencing due to "some confusion as to court dates," that counsel had not been effective in representing him in the plea negotiations or conveying information about court dates to him, and that he had been denied his constitutional right to the effective assistance of counsel.

{¶ 14} The trial court construed Cooks's motion as a petition for post-conviction relief and overruled it without a hearing. The court stated that, because the motion related to matters outside the record and alleged a constitutional violation, it was properly viewed as a petition for post-conviction relief. Citing R.C. 2953.21, the court noted that no hearing was required unless the petitioner demonstrated through the record or additional documentary evidence that there was a substantive basis for the claim. The court concluded that Cooks's self-serving statements did not establish a substantive basis for his claim.

{¶ 15} Neither Cooks's Motion to Vacate and/or Correct Sentence nor his brief on appeal, the State's brief, or the trial court's judgment addresses the fact that Cooks did not file a direct appeal from his conviction. Cooks was undoubtedly aware at the time of his

---

[2] After the indictment, Cooks's DNA was found "on the gun." It is unclear, from the record before us, how the gun related to the charged offenses and/or to an additional charge.

conviction of the issues he now asserts: that counsel did not adequately communicate with him about his plea and court dates, and that the court erred in failing to abide by the original plea agreement due to his failure to appear at a court date. To the extent that these issues were apparent on the record and could have been raised on direct appeal, they are barred by res judicata. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17; *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 10.

{¶ 16} To the extent that Cooks's ineffective assistance argument could not have been raised on direct appeal because it relies on evidence outside the record, the trial court correctly characterized his motion as a petition for post-conviction relief; Cooks claims that there had been a denial or infringement of his rights that entitled him to have the judgment vacated. *See* R.C. 2953.21(A)(1)(a); *State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 6. In such a petition, a court shall consider, in addition to the petition, "the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, * * *." R.C. 2953.21(C). Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues. R.C. 2953.21(E).

{¶ 17} Cooks did not provide any supporting affidavits or documentary evidence, outside the record, in support of his claims. In fact, his motion did not address with specificity the manner in which Cooks believed that his attorney acted ineffectively. The trial court reasonably concluded that Cooks had not demonstrated the existence of a substantive basis for his claim, and it did not err in denying the motion (or petition) without a hearing.

{¶ 18}   Additionally, we note that, if no direct appeal is taken, a petition for post-conviction relief generally must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). Cooks's motion did not comply with this requirement.

{¶ 19}   The parties' briefs focus on the factual and legal issues related to Cooks's plea and conviction, which he did not appeal.   The trial court properly treated the motion to vacate and/or correct sentence as a petition for post-conviction relief and did not err in denying the petition without a hearing.

{¶ 20}   The assignments of error are overruled.

{¶ 21}   The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

April F. Campbell
Enrique G. Rivera-Cerezo
Hon. Barbara P. Gorman