[Cite as *State v. Murillo*, 2014-Ohio-2097.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

ANDRES SOLA MURILLO

     Defendant-Appellant


Appellate Case No.    25958

Trial Court Case No.   2001-CR-4297


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of May, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ANDRES SOLA MURILLO, Inmate No. 425-148, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-appellant, Andres Sola Murillo, appeals pro se from the decision of the Montgomery County Court of Common Pleas denying his petition for postconviction relief.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}    On October 18, 2001, Andres Sola Murillo was indicted on one count of aggravated burglary.   While out on bond, Murillo stabbed his wife to death and was subsequently indicted for her murder.   After pleading guilty to both charges, the trial court sentenced Murillo to serve 15 years to life in prison for the murder and a concurrent 10-year prison term for the aggravated burglary.   Murillo did not file a direct appeal from his conviction or sentence.   However, he has filed several post-sentence motions in the trial court, two of which were subject of appeals in this court.   *See State v. Murillo*, 2d Dist. Montgomery No. 21919, 2008-Ohio-201 (affirming the trial court's decision to overrule Murillo's motion to enjoin collection of court costs); *State v. Murillo*, 2d Dist. Montgomery No. 22226, 2009-Ohio-2325 (affirming the trial court's decision to overrule Murillo's motion to withdraw guilty plea).

{¶ 3}    On June 5, 2013, Murillo filed a petition for postconviction relief arguing that the State failed to disclose exculpatory evidence and thus violated his constitutional right to due process.   Specifically, Murillo claimed that the State failed to disclose photographs taken of him at the time of his arrest, which depict a stab wound on his chest that was allegedly caused by his wife.   According to Murillo, the photographic evidence was exculpatory because it supported his theory of self-defense.   The trial court, however, denied Murillo's petition on grounds that he provided no evidentiary support for his claim that the State withheld the photographs.   The court

also held that his petition was untimely.

{¶ 4}   Murillo now appeals from the trial court's decision denying his petition for postconviction relief, raising one assignment of error.

**Assignment of Error**

{¶ 5}   Murillo's sole assignment of error is as follows:

THE PROSECUTION CREATED A BRADY VIOLATION WHEN IT FAILED,

AND HAS STILL FAILED, TO PROVIDE PETITIONER COPIES OF THE

PHOTOGRAPHS TAKEN BY THE SHERIFF'S OFFICE.

{¶ 6}   Under this assignment of error, Murillo raises the same arguments that he asserted in his petition for postconviction relief regarding the State's alleged failure to disclose exculpatory photographic evidence.   In turn, while not specifically stated in Murillo's appellate brief, we construe his single assignment of error as arguing that the trial court erred in denying his petition for postconviction relief.

{¶ 7}   "Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23.   Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence."   *State v. Bell*, 2d Dist. Montgomery No. 25729, 2014-Ohio-49, ¶ 8, citing R.C. 2953.21(A).   An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.   "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary."

(Citation omitted.)  *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

**{¶ 8}**  In addressing a petition for postconviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing.  *Gondor* at ¶ 51.  A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."  *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

**{¶ 9}**  Affidavits may be submitted in support of postconviction relief motions.  R.C. 2953.21. "However, not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents." *Calhoun* at 284.  "[W]here a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential."  (Citation omitted.)  *Id.*

**{¶ 10}**  In the present case, Murillo's petition for postconviction relief failed to set forth sufficient operative facts to establish substantive grounds for relief.  Other than a self-serving affidavit, Murillo failed to provide any evidentiary documents supporting his claim that exculpatory photographs were withheld from him and that this caused him to be wrongly convicted.

**{¶ 11}**  Moreover, even if Murillo had set forth sufficient facts, Murillo's petition was untimely.  It is well-established that "if no direct appeal is taken, a petition for post-conviction

relief generally must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *State v. Cooks*, 2d Dist. Montgomery No. 25592, 2014-Ohio-1103, ¶ 18, citing R.C. 2953.21(A)(2). "Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." (Citations omitted.) *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 12} Here, Murillo did not file a direct appeal from his conviction; therefore, the 180-day time limitation for filing a petition for postconviction relief began to run after the time for filing an appeal had expired, which in this case was April 7, 2002. Murillo, however, did not file his petition until June 5, 2013, well over ten years after the expiration of the 180-day filing deadline.

{¶ 13} Murillo also failed to demonstrate that he was permitted to file an untimely petition as permitted by R.C. 2953.23(A)(1). Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for postconviction relief if: (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim; or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. In addition, the petitioner must show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} In this case, Murillo did not allege that he was unavoidably prevented from discovering the photographs that were allegedly withheld by the State. In fact, the affidavit attached with Murillo's petition states that photographs were taken of his stab wound by the Sheriff's office when he was arrested. He was, therefore, well aware of the photographs as of

the date of his arrest and cannot claim that he was unavoidably prevented from discovering them. Murillo also did not argue in his petition that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, nor have we found any case law that would support such a position. Therefore, because he failed to establish either condition under R.C. 2953.23(A)(1)(a), the trial court did not have jurisdiction to consider Murillo's untimely petition.

{¶ 15} For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying Murillo's petition for postconiviction relief. The petition was untimely and failed to provide sufficient operative facts to establish substantive grounds for relief. Murillo's sole assignment of error is overruled.

## Conclusion

{¶ 16} Having overruled Murillo's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Andres Sola Murillo
Hon. Barbara P. Gorman